UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STACEY E. PYNN,

        Appellant,

  v.

RUPP PFALZGRAF LLC,

        Appellee.

23-CV-835-LJV
DECISION & ORDER

---

## **BACKGROUND**

The procedural history of this case is complex and somewhat convoluted. In May 2017, the *pro se* appellant, Stacey E. Pynn, filed for bankruptcy. *See In re: Stacey E. Pynn,* Case No. 17-br-11069 (Bankr. W.D.N.Y. 2017). Pynn's bankruptcy filing created a "bankruptcy estate" that includes all of Pynn's "legal or equitable interests . . . in property," *see* 11 U.S.C. § 541(a)(1), and any attempts to "possess[]" or "exercise control over" any part of that estate were automatically stayed, *id.* § 362(a)(3). Because Pynn's bankruptcy proceedings are ongoing, that stay remains in place. *In re Pynn*, Case No. 17-br-11069.

Several months after filing for bankruptcy, Pynn hired the appellee, Rupp Pfalzgraf LLC, then known as Rupp Baase Pfalzgraf Cunningham LLC ("Rupp Pfalzgraf"), to represent her in a matrimonial and child custody proceeding. Docket Item

6 at ¶¶ 5-6[1]; Docket Item 8 at 2-3; *Pynn v. Rupp Baase Pfalzgraf & Cunningham, LLC*, Case No. 23-cv-224, Docket Item 6 at 1 (W.D.N.Y. Apr. 3, 2023).[2]  At some point, the relationship between Pynn and the law firm soured, and Rupp Pfalzgraf alleges that Pynn provided only "partial payment" for legal services in breach of their signed contract.  Docket Item 6 at ¶ 7.  The firm sued Pynn in New York State Supreme Court, Erie County, for the unpaid fees, *id.* at ¶ 8, and on November 5, 2021, New York State Supreme Court Justice Mark A. Montour entered judgment for Rupp Pfalzgraf "in the amount of $20,045.93, plus interest, costs, and disbursements."  *Rupp Baase Pfalzgraf Cunningham LLC v. Pynn*, 2021 WL 9929074, at *1 (N.Y. Sup. Ct. Erie Cnty. Nov. 5, 2021).  Pynn moved to vacate that judgment, Docket Item 6 at ¶ 9, but on April 10, 2023, her motion was denied, *id.* at ¶ 13.

In the meantime, on March 14, 2023, Pynn sued Rupp Pfalzgraf in this Court. *Rupp Baase*, Case No. 23-cv-224, Docket Item 1.  She alleged that Rupp Pfalzgraf "committed attorney misconduct and is in contempt of the automatic stay" imposed by her 2017 bankruptcy case.  *Id.* at 5.  Pynn sought the "[d]isgorgement" of all attorney's fees collected by the firm—including the $54,895.93 she had already paid and the $20,746.93 the firm was still attempting to collect.  *Id.*  She also requested $10,000 in "sanctions," *id.*, and "[i]njunctive [r]elief" against the state court for its purported failure to follow "applicable [f]ederal [l]aws," *id.* at 16.

---

[1] Unless otherwise indicated, citations to "Docket Item" are to the docket in this case, 23-cv-835.

[2] The case caption includes an ampersand and a comma in the firm's name, which appears to be an error. Nonetheless, they have been retained here for case identification purposes.

In light of the pending bankruptcy, on April 3, 2023, this Court referred the matter to the judge presiding over Pynn's bankruptcy case, United States Bankruptcy Judge Michael J. Kaplan, for all proceedings under 28 U.S.C. § 157(b) and Local Rule of Civil Procedure 5.1(f). *Rupp Baase*, Case No. 23-cv-224, Docket Item 6 at 3; *see also In re Pynn*, Case No. 17-br-11069, Docket Item 244 (Bankr. W.D.N.Y Apr. 3, 2023). On May 10, 2023, Judge Kaplan issued an order finding that Rupp Pfalzgraf's state lawsuit had not violated the automatic stay imposed by 11 U.S.C. § 362, and he denied Pynn's request for relief in its entirety. *In re Pynn*, Case No. 17-br-11069, Docket Item 262.

About two months later, on July 11, 2023, Pynn asked Judge Kaplan to extend her time to appeal his order. *Id.*, Docket Item 274 (Bankr. W.D.N.Y. July 11, 2023).[3] Because Pynn failed to include a notice of motion or a certificate of service, Judge Kaplan denied that request. *Id.*, Docket Item 275 (Bankr. W.D.N.Y. July 11, 2023). Roughly a week later, Pynn filed an amended motion to extend her time to file a notice of appeal, which cured those deficiencies. *Id.*, Docket Item 284 (Bankr. W.D.N.Y. July 19, 2023).

On August 15, 2023—before Judge Kaplan had ruled on her amended motion—Pynn filed a notice of appeal of the May 2023 order in this Court. Docket Item 1. Three days later, Judge Kaplan issued an order denying Pynn's amended motion for an extension of time. *In re Pynn,* Case No. 17-br-11069, Docket Item 304 (Bankr. W.D.N.Y

---

[3] That notice was signed and notarized on July 7, 2023, and filed on July 11, 2023. *In re Pynn,* Case No. 17-br-11069, Docket Item 274. Because in bankruptcy procedure, "[t]imeliness is determined by receipt," *In re Affirmative Equities Co., L.P.*, 2015 WL 4469309, at *1 (S.D.N.Y. July 21, 2015), the date that Pynn filed the notice, not the date that she signed it, is most relevant. Regardless, for the reasons that follow, either date would have been untimely.

Aug. 18, 2023).  Because Pynn had already filed a notice of appeal in the district court, Judge Kaplan refrained, "[i]n the interest of judicial economy[,] . . . from filing an appealable order regarding the motion to extend time."  *Id.* at 3-4.  Instead, he "[left] the timeliness matter to the District Court."  *Id.*

On August 29, 2023, Pynn moved for an extension of time to "perfect [her] appeal" of the May 2023 order.  Docket Item 3 at 1.  On September 13, 2023, Rupp Pfalzgraf responded, arguing that the motion should be denied as untimely.  Docket Item 6 at ¶¶ 22-29.  On September 20, 2023, Pynn replied.  Docket Item 8.

So the history of this case is a knotty one.  But the only issue presently before this Court is relatively straightforward: whether this Court has jurisdiction over Pynn's appeal of Judge Kaplan's order of May 10, 2023.  That question, in turn, depends upon whether Pynn's appeal of that order was timely.  Because the Court finds that it was not, it lacks jurisdiction over this appeal.  Accordingly, Pynn's motion to extend her time to appeal is denied, and the case is dismissed.

## **LEGAL PRINCIPLES**

A district court is "duty bound" to determine whether it has subject matter jurisdiction to decide an appeal from a bankruptcy court's order, and that duty is so strong that it applies even when no one raises the issue.  *In re Prudential Lines, Inc.*, 59 F.3d 327, 331 (2d. Cir. 1995).  Generally, district courts have "original and exclusive jurisdiction" of all bankruptcy cases, which are governed by title 11 of the United States Code.  *See* 28 U.S.C. § 1334.  But district courts may refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district."  *Id.* § 157(a).

4

When a case is so referred, "[the bankruptcy] judge's statutory authority depends on whether Congress has classified the matter as a 'core proceeding' or a 'non-core proceeding.'" *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 670 (2015) (alterations omitted) (citing 28 U.S.C. §§ 157(b)(2),(4)).  If a matter is not a core proceeding, the bankruptcy judge has no power to enter a "final order or judgment" but may only "submit proposed findings of fact and conclusions of law to the district court," which must review those submissions "de novo."  28 U.S.C. § 157(c)(1).  On the other hand, the bankruptcy judge has "the power to 'hear and determine' core proceedings" under section 157 "and to 'enter appropriate orders and judgments,' subject to appellate review by the district court."  *Wellness Int'l Network*, 575 U.S. at 670-71 (quoting 28 U.S.C. § 157(b)(1)).

"[D]istrict courts . . . have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157]."  28 U.S.C. § 158(a).  The same statute states that those appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules."  28 U.S.C. § 158(c)(2); *see also In re The Bennett Funding Grp., Inc.*, 439 F.3d 155, 159 (2d Cir. 2006) ("To appeal from an order of a bankruptcy court to a district court, a party must file a notice of appeal within the time prescribed by Federal Rule of Bankruptcy Procedure 8002.").  The Second Circuit has held that this time limit is "jurisdictional," and that late filings therefore cannot be forgiven.  *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005).

**DISCUSSION**

In its order referring the matter to Judge Kaplan, this Court determined that the instant case involves a "core proceeding."[4]  *Rupp Baase*, Case No. 23-cv-224, Docket

---

[4] The Court found that because Rupp Pfalzgraf was seeking attorney's fees from Pynn, it was "pursuing a claim against the bankruptcy estate."  See *Rupp Baase*, Case No. 23-cv-224, Docket Item 6 at 3.  Therefore, and because Pynn in turn was "challeng[ing] those fees," it held that the case was "a core proceeding that a bankruptcy judge may determine" under 28 U.S.C. § 157(b)(2)(B).  *Id.*

Judge Kaplan subsequently found that "[t]he automatic stay provision of [11 U.S.C. § 362] . . . applies only to efforts to obtain possession of property of the estate" and that because "Rupp Pfalzgraf is attempting to recover from property vested in Stacey Pynn, rather than the estate, the automatic stay does not apply."  *In re Pynn,* Case No. 17-br-11069, Docket Item 262 at 3.  That finding may conflict with this Court's earlier determination that Rupp Pfalzgraf was "pursuing a claim against the bankruptcy estate."  But even if this Court incorrectly assumed that the suit for legal fees was a claim against the estate, its conclusion that this case involves a core proceeding stands.

"Bankruptcy courts may exercise jurisdiction, through referral from the district court, over three broad categories of proceedings: those 'arising under title 11' of the Code, those 'arising in a case under title 11,' and those 'related to a case under title 11.'"  *In Matter of Motors Liquidation Co.*, 829 F.3d 135, 153 (2d Cir. 2016) (alterations omitted) (quoting 28 U.S.C. § 157(b)).  "Proceedings 'arising under title 11, or arising in a case under title 11,' are deemed 'core proceedings.'"  *Id.* (quoting *Stern v. Marshall*, 564 U.S. 462, 476 (2011)).  "Claims that clearly invoke substantive rights created by federal bankruptcy law necessarily arise under Title 11 and are deemed core proceedings. . . . So too are proceedings that, by their nature, could arise only in the context of a bankruptcy case."  *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108-09 (2d Cir. 2006) (citations omitted).

Pynn's initial complaint before this Court alleged that "[Rupp Pfalzgraf] has committed attorney misconduct and is in contempt of the automatic stay for attempting to collect unauthorized costs of litigation."  *Rupp Baase*, Case No. 23-cv-224, at 3, 5.  She alleges that this violation of 11 U.S.C. § 362 led to a "violation [of her] right to [a] fair trial" and that the state court "maintain[ed] [the] case [despite the fact that it] lack[ed] . . . subject matter jurisdiction."  *Id.* at 3.  Because Pynn's claims all stem from an alleged violation of the automatic stay provisions of bankruptcy law (11 U.S.C. § 362), her case necessarily "arises under" Title 11, rendering this a core proceeding.  *See MBNA America Bank*, 436 F.3d at 108-09 (claim brought under section 362 was "properly characterized as a 'core' bankruptcy proceeding."); *see also In re Roggio*, 612

6

Item 6 at 2-3.  Thus, under 28 U.S.C. § 157(b), the bankruptcy court had jurisdiction to enter "appropriate orders and judgments" in Pynn's case.  And—bracketing for a moment the question of timeliness—this Court has jurisdiction to review all such orders and judgments that were "final."[5]  28 U.S.C. § 158(a)(1).  To be "final," "a bankruptcy court order . . . need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief."  *In re Reifler*, 2018 WL 3212464, at *2 (S.D.N.Y. June 28, 2018) (quoting *In re Prudential Lines*, 59 F.3d at 331).

Under this definition, Judge Kaplan's May 10 order clearly was "final."[6]  Pynn's suit against Rupp Pfalzgraf related to a "discrete claim," *id.*—whether the firm had violated the automatic stay—which the bankruptcy court resolved by finding that Rupp Pfalzgraf had not committed a violation and by denying all the relief Pynn sought, *In re Pynn,* Case No. 17-br-11069, Docket Item 304.  In fact, as Judge Kaplan stated, "[t]he only matter [still] proceeding in . . . Pynn's Chapter 13 case is her continuing to make payments pursuant to her Chapter 13 plan."  *Id.* at 4 n.3.

---

B.R. 655, 660 (Bankr. M.D. Pa. 2020) (case involving "allege[d] . . . violation of the automatic stay" was a "core proceeding").

[5] District courts also "have jurisdiction to hear appeals . . . from interlocutory orders and decrees issued under [11 U.S.C. § 1121(d)] increasing or reducing the time periods referred to in section 1121 of such title; and . . . with leave of the court, from other interlocutory orders and decrees."  28 U.S.C. § 158(a)(2-3).  Neither of those provisions is relevant here.

[6] The order itself states as much.  *In re Pynn,* Case No. 17-br-11069, Docket Item 262 at 3 ("[T]his is a final and complete disposition of this matter in Bankruptcy Court.").

7

So Pynn had the right to appeal Judge Kaplan's final order, and this Court would have jurisdiction over that appeal under section 158(a) if Pynn had filed a notice of appeal within the time allowed. But she did not.

Section 158 provides that all bankruptcy appeals must be "taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Under that rule, "[e]xcept as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."[7] Fed. R. Bankr. P. 8002(a)(1), (b-c). Judge Kaplan issued the order denying Pynn's claims on May 10, 2023. *In re Pynn*, Case No. 17-br-11069, Docket Item 262. So the deadline to file a notice of appeal was May 24, 2023. *See* Fed. R. Bankr. P. 8002(a)(1). But Pynn did not file a notice of appeal or ask for an extension of time until July 11, 2023—48 days after her time to appeal had expired. *In re Pynn*, Case. No. 17-br-11069, Docket Item 274. And even assuming that Pynn was served by mail and afforded three extra days under Rule 9006(f), her appeal is still untimely.[8]

---

[7] Neither of the exceptions to this Rule applies here. Subsection b applies when there are multiple parties to the judgment appealed, which is not the case here; subsection c applies when the appellant is an "inmate confined to an institution," which Pynn is not. Fed. R. Bankr. P. 8002(b-c).

[8] In his order denying Pynn's motion for an extension of time, Judge Kaplan suggested that the Federal Rules of Appellate Procedure—rather than the Federal Rules of Bankruptcy Procedure—might apply here because this case presents "somewhat of a hybrid matter that began in the District Court." *In re Pynn*, Case No. 17-br-11069, Docket Item 304 at 2. And in her reply brief, Pynn seems to make a similar point, arguing that there is some confusion about when the notice of appeal was due and that her filing might have been only "one day late." Docket Item 8 at 2.

It is true that the Federal Rules of Appellate Procedure allow parties more time to file a notice of appeal than do the Federal Rules of Bankruptcy Procedure. Under Federal Rule of Appellate Procedure 4(a)(5), a district court may "extend [a party's] . . . time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or

Pynn argues that "[her] failure to file a timely notice was the result of excusable neglect." Docket Item 8 at 1. The Federal Rules of Bankruptcy Procedure allow "the bankruptcy court . . . [to] extend the time to file a notice of appeal upon a party's motion," if that motion is filed "within the time prescribed by this rule" or "within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). Under that rule, there is a limit—21 plus 14, or 35, days—on the time when an extension may be given. Here, Pynn's time to file a motion for an extension expired on June 14, 2023—long before she made her motion on July 11, 2023. *In re Pynn*, Case. No. 17-br-11069, Docket Item 274. The Rule is clear: "No extension of time may exceed 21 days after the time prescribed by this rule, or 14 days after the order granting the motion to extend time is entered, whichever is later." Fed. R. Bankr. P. 8002(d)(3)). So, at this time, even if Pynn could show excusable neglect justifying an extension, Rule 8002 gives this Court no leeway to afford her one.

---

good cause." Because in most civil cases, parties have 30 days from the entry of judgment to file a notice of appeal, Fed. R. App. P. 4(a)(1)(A), Rule 4(a)(5) allows a party to file a notice of appeal as late as 60 days after the judgment, *see* Fed. R. App. P. 4(a)(5)(i). In addition, the Federal Rules of Appellate Procedure allow for three additional days when a party is served by mail. Fed. R. App. P. 26(c). So, if the Federal Rules of Appellate Procedure applied, Pynn's notice of appeal—assuming she was served by mail and could show "excusable neglect or good cause" for her lateness—might have been allowed as timely. *See* Fed. R. App. P. 4(a)(5)(A).

But the Federal Rules of Appellate Procedure do not apply. Neither Judge Kaplan nor Pynn provides any authority suggesting that the Federal Rules of Appellate Procedure—specifically, Rule 4(a)(5)—might govern in this case. As discussed above, because this is a core proceeding, the district court's jurisdiction over the matter is controlled by 28 U.S.C. § 158. And that statute clearly states that appeals must be taken "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2).

In sum, Pynn's notice of appeal simply was too late, and her time to appeal the order has now expired.  When a party fails to timely appeal an order of the bankruptcy court, the district court that would otherwise have jurisdiction over the appeal not only lacks the power to extend the time, but it also lacks any jurisdiction over the appeal altogether.  See *In re Siemon*, 421 F.3d at 169 ("We therefore follow our sister circuits in holding that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal . . . ."); *In re MarketXT Holdings Corp.*, 455 F. App'x 41, 44 (2d Cir. 2012) ("A failure to file a notice of appeal within the time specified by Rule 8002 is an absolute jurisdictional bar to appeal."); *Seres v. Ford Credit Titling Tr.*, 2012 WL 639692, at *2 (W.D.N.Y. Feb. 27, 2012)  (finding that the court lacked jurisdiction over an appeal filed 42 days late).[9]  This Court therefore does not have the power to entertain Pynn's appeal.[10]

---

[9] The time limits of Federal Rule of Bankruptcy Procedure 8002(a) are "jurisdictional" because they are incorporated by statute. See *In re Indu Craft, Inc.*, 749 F.3d 107, 115 (2d Cir. 2014) (clarifying ruling in *In re Siemon*). That is, while "[i]t is true that bankruptcy rules *alone* cannot create or withdraw jurisdiction . . . [in this case,] it is [s]ection 158(c)(2) that is determining jurisdiction by incorporating the time limits prescribed in Rule 8002(a)." *Id.* (quoting *In re Latture*, 605 F.3d 830, 837 (10th Cir. 2010)).

[10] When an appeal is taken beyond the time allowed, the jurisdictional bar applies "regardless of whether the appellant can demonstrate 'excusable neglect.'" *In re Siemon*, 421 F.3d at 169.  So again, although Pynn argues that she can show "excusable neglect," s*ee, e.g.*, Docket Item 3 at 1 (arguing that Pynn's time to appeal should be extended because she "has never before perfected an appeal"); Docket Item 8 at 1-4, the Court need not consider this question.

Pynn's *pro se* status, which she cites as another reason to grant her an extension, *see* Docket Item 3 at 1; Docket Item 8 at 1-4, is similarly irrelevant.  District courts in this circuit repeatedly have found that Rule 8002(a) bars review of a late-filed bankruptcy appeal even when the party who missed the filing deadline was *pro se*.  *See, e.g.*, *Siemon*, 421 F.3d at 168-69 (applying this rule to an appeal by *pro se* party);

Because this Court lacks jurisdiction, there is no need to examine the underlying merits of Pynn's appeal here. In fact, the Court has no power to do so. But even if Pynn's appeal had been timely, the Court would affirm Judge Kaplan's opinion finding that Rupp Pfalzgraf did not violate the automatic stay and denying Pynn relief for reasons stated in that decision. *See In re Pynn,* Case No. 17-br-11069, Docket Item 262.

## **CONCLUSION**

For the reasons stated above, Pynn's appeal is not timely, and this Court has no jurisdiction over her appeal. "If the district court lacks appellate jurisdiction over a bankruptcy appeal, the action must be dismissed." *Nelroy Drugs, Inc. v. Rochester Drug Co-Operative, Inc.*, 2021 WL 1534730, at *1 (W.D.N.Y. Apr. 19, 2021). Therefore, Pynn's motion for an extension of time to appeal is DENIED, and the case is DISMISSED with prejudice.

The Clerk of the Court shall close this case.

---

*Seres*, 2012 WL 639692, at *1 ("Rule 8002(a)'s time limit [is] jurisdictional, even for *pro se* litigants."); *Ivers v. Ciena Cap. LLC*, 2016 WL 1562943, at *1 (S.D.N.Y. Apr. 15, 2016) (collecting cases). The Court takes seriously its obligation, to "construe[] liberally" the pleadings of *pro se* litigants, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), which "applies with equal force in the context of an appeal from the [b]ankruptcy [c]ourt," *In re Tronox Inc.*, 2023 WL 2744136, at *3 (S.D.N.Y. Mar. 31, 2023). But even the most liberal of constructions does not allow Pynn to clear this jurisdictional bar.

SO ORDERED.

Dated:   November 1, 2023
         Buffalo, New York

                                                ***/s/ Lawrence J. Vilardo***
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE